**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTHONY FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | CLASS ACTION |
| ENERGY XXI GULF COAST, INC., GARY HANNA, DOUGLAS E. BROOKS, MICHAEL S. BAHORICH, GABRIEL L. ELLISOR, STANFORD SPRINGEL, and CHARLES W. WAMPLER, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on June 18, 2018 (the "Proposed Transaction"), pursuant to which Energy XXI Gulf Coast, Inc. ("Energy XXI" or the "Company") will be acquired by Cox Oil and its affiliates.

2. On June 18, 2018, Energy XXI's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with MLCJR LLC ("Parent") and its wholly-owned subsidiary, YHIMONE, Inc. ("Merger Sub"). Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Energy XXI's shareholders and completed, Energy XXI's stockholders will receive $9.10 in cash for each share of the Energy XXI common stock they hold.

3.  On August 3, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.  The Proxy Statement, which scheduled a stockholder vote on the Proposed Transaction for September 6, 2018, omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.  Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Energy XXI common stock.

9.  Defendant Energy XXI is a Delaware corporation and maintains its principal executive offices at 1021 Main Street, Suite 2626, Houston, Texas 77002. Energy XXI's common

stock is traded on the NasdaqGS under the ticker symbol "EGC." Energy XXI is a party to the Merger Agreement.

10. Defendant Gary Hanna ("Hanna") is the Chairman of the Board of Energy XXI.

11. Defendant Douglas E. Brooks ("Brooks") is President, Chief Executive Officer ("CEO"), and a director of Energy XXI.

12. Defendant Michael S. Bahorich ("Bahorich") is a director of Energy XXI.

13. Defendant Gabriel L. Ellisor ("Ellisor") is a director of Energy XXI.

14. Defendant Stanford Springel ("Springel") is a director of Energy XXI.

15. Defendant Charles W. Wampler ("Wampler") is a director of Energy XXI.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Energy XXI (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

18. This action is properly maintainable as a class action.

19. The Class is so numerous that joinder of all members is impracticable. As of June 14, 2018, there were 33,395,301 shares of Energy XXI common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

20. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

21. Plaintiff is committed to prosecuting this action and has retained competent counsel

experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

22. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

23. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

24. Energy XXI is an exploration and production company that is engaged in the development, exploitation, and acquisition of oil and natural gas properties in conventional assets in the U.S. Gulf Coast region, both offshore in the Gulf of Mexico and onshore in Louisiana and Texas.

25. On June 18, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement.

26. Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by Energy XXI's shareholders and completed, Energy XXI's stockholders will receive $9.10 in cash for each share of the Energy XXI common stock they hold.

4

27. According to the press release announcing the Proposed Transaction:

Energy XXI Gulf Coast, Inc. ("EGC" or the "Company") (NASDAQ:EGC) today announced the signing of a definitive agreement with a Cox Oil affiliate ("Cox"), an independent, privately-held entity that owns and operates assets in the Gulf of Mexico, pursuant to which Cox will acquire all the outstanding shares of EGC common stock for $9.10 per fully diluted share in cash, for a total consideration of approximately $322 million. This represents a 21% premium to EGC's closing share price on June 15, 2018.

EGC's Board of Directors unanimously approved the proposed transaction with Cox after evaluating multiple transactions, including a proposal from Orinoco Natural Resources, LLC ("ONR") and its affiliates to assume EGC's non-core asset portfolio and related asset retirement obligations. EGC has ceased all negotiations with ONR and its affiliates regarding the non-binding term sheet announced on May 10, 2018. . . .

The closing of the transaction is subject to customary conditions, including obtaining necessary approvals from EGC's stockholders and regulatory authorities. There is no financing contingency to complete the transaction. The transaction is anticipated to close in the third quarter of 2018.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

28. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction.

29. The Proxy Statement omits material information regarding the Company's financial projections as well as the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Intrepid Partners, LLC ("Intrepid").

30. The Proxy Statement fails to disclose the forecasted production and cash flows for the upstream assets of the Company.

31. With respect to Intrepid's Net Asset Value Analysis, the Proxy Statement fails to disclose: (i) the projected pre-tax cash flows expected to be generated from the estimated proved and probable reserves and resources of the Company's upstream assets; and (ii) the inputs and

assumptions underlying the discount rates applied by Intrepid in the analysis.

32. With respect to Intrepid's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the range of illustrative terminal values for EGC; and (ii) the inputs and assumptions underlying the discount rates applied by Intrepid in the analysis.

33. With respect to Intrepid's Comparative Gulf of Mexico ("GoM") Company Analysis, the Proxy Statement fails to disclose Intrepid's basis for only selecting three companies for the analysis.

34. With respect to Intrepid's Exploration and Production Premium Paid Analysis, the Proxy Statement fails to disclose the transactions observed by Intrepid in the analysis as well as the premiums paid in such transactions.

35. With respect to Intrepid's Liquidity Analysis, the Proxy Statement fails to disclose the projected financial information provided by Company management and reviewed by Intrepid in connection with the analysis.

36. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. The Proxy Statement also omits material information regarding potential conflicts of interest of Intrepid.

38. The Proxy Statement fails to disclose the timing and nature of the past services

Intrepid provided to the Company and its affiliates, as well as the amount of compensation Intrepid received for providing such services.

39. The Proxy Statement also fails to disclose whether Intrepid has provided past services to Cox Oil or its affiliates in the past, as well as the timing and nature of such services and the amount of compensation Intrepid received for such services.

40. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

41. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) EGC's Reasons for the Merger; Recommendation of the EGC Board of Directors; (iii) Opinion of EGC's Financial Advisor; and (iv) Certain Prospective Unaudited Financial and Operating Information of EGC.

42. The omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Energy XXI**

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Energy XXI is liable as the issuer of these statements.

45. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. The Individual Defendants acted as controlling persons of Energy XXI within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Energy XXI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the

power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

55.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

56.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 7, 2018

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*